UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 17-80222-CR-Marra/Matthewman

UNITED STATES OF AMERICA,

vs.

LATECIA WATKINS,

Defendant.
_____/

FILED by _____ D.C.

MAY 2 5 2018

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## ORDER DENYING GOVERNMENT'S ORE TENUS RENEWED MOTION TO STRIKE TESTIMONY OF NATHALIE JOSEPH

**THIS CAUSE** is before the Court upon the Government's Ore Tenus Renewed Motion to Strike Testimony of Nathalie Joseph ("Motion"), which was argued on April 12, 2018. This matter was referred to the undersigned by United States District Judge Kenneth A. Marra. [DE 42]. The Court has carefully reviewed the Motion. The matter is now ripe for review.

On April 12, 2018, Ms. Joseph appeared in court to testify under Defendant's subpoena at a suppression hearing.[1] The undersigned gave Ms. Joseph instructions regarding her Fifth Amendment rights and noted that she had had time to speak with an independent attorney if she wanted to do so.

At the April 12 hearing, Government counsel asked Ms. Joseph whether officers found marijuana in her home, whether they found blunts in her bedroom, whether they found five grams of marijuana in her living room, whether she had been smoking marijuana on August 11, 2017, and

---

[1] This was Ms. Joseph's second appearance before the Court. Ms. Joseph's prior appearance before this Court is addressed in the Court's April 9, 2018 Order [DE 68].

1

whether anyone had been smoking marijuana when law enforcement arrived at the residence. Ms. Joseph asserted her Fifth Amendment right against self-incrimination as to all of these questions. She refused to answer those questions. At the end of the hearing, the Government made an *ore tenus* renewed motion to strike Ms. Joseph's testimony. The Court heard argument in response from defense counsel.

"Where the privilege is legitimately invoked by a witness during cross examination, all or part of that witness's direct testimony may be subject to a motion to strike. The ultimate inquiry is whether the defendant has been deprived of his right to test the truth of the direct testimony." *Fountain v. United States*, 384 F.2d 624, 628 (5th Cir. 1967). "Striking the testimony of a witness is a drastic remedy. It is not to be lightly done. Any action by the court may be inappropriate when a witness invokes the fifth amendment privilege to avoid cross-examination on purely collateral matters." *Lawson v. Murray*, 837 F.2d 653, 656 (4th Cir. 1988). "Striking all of the testimony of the witness may be the only appropriate remedy when refusal to answer the questions of the cross-examiner frustrates the purpose of the process." *Id.* (citing *United States v. Lord,* 711 F.2d 887, 892 (9th Cir.1983)).

The Court will exercise its discretion and deny the Government's Motion. First, this matter involves a pre-trial suppression evidentiary hearing. No jury was present. Thus, there is no risk that a jury will be prejudiced. Further, this Court is able to evaluate the witness's testimony fairly and properly without exercising the extreme sanction of striking her testimony. Second, it is arguable that some of the questions that Ms. Joseph refused to answer, such as whether law enforcement had found marijuana in the house, may be collateral in nature. Third, the existence of marijuana and narcotics in the home was established during the suppression

hearing by way of other evidence submitted by the Government. Fourth, while some of the questions that Ms. Joseph refused to answer appear to be relevant to her credibility, the Court is able to determine Ms. Joseph's credibility on its own without further information and by considering the entire record.

Based on the foregoing, it is hereby **ORDERED** that Government's Ore Tenus Renewed Motion to Strike Testimony of Nathalie Joseph is **DENIED**.

**DONE and ORDERED** in Chambers this 25th day of May, 2018, at West Palm Beach, Palm Beach County in the Southern District of Florida.

WILLIAM MATTHEWMAN
UNITED STATES MAGISTRATE JUDGE